J-A10002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARY C. RADER | |
| Appellant | No. 726 WDA 2015 |

Appeal from the Judgment of Sentence March 26, 2015
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001181-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 13, 2016**

Appellant, Mary C. Rader, appeals from the judgment of sentence imposed after she entered a negotiated guilty plea to one count of aggravated assault of a victim less than 13 years of age, whereby she admitted to recklessly starving her seven-year-old son to the point where he weighed 25 pounds and was within a month of dying from malnourishment. Rader contends that the trial court abused its discretion in imposing an excessive sentence that failed to address her rehabilitative needs. After careful review, we conclude that the trial court adequately considered all of the attendant circumstances and fashioned an appropriate sentence. We therefore affirm.

The certified record reveals the following factual background. Rader, who was 28 at the time of her arrest, lived with her mother, father, and five

children. On June 6, 2014, Mercer County Children and Youth Services ("CYS") intervened and removed Rader's seven-year-old son from her residence due to severe malnourishment and transported him to Children's Hospital in Pittsburgh. At Children's Hospital, Rader's son was diagnosed as "nearly skeletal." He had the weight of an average two-year-old.

Rader, her mother, and her father were all charged with various crimes regarding their care of Rader's son. Pursuant to a plea agreement with the Commonwealth, Rader and her mother each pled guilty to aggravated assault of a person under 13 years of age by a person over 18 years of age. In Rader's mother's case, the Commonwealth incorporated a sentence of five to ten years of imprisonment into the plea agreement. In contrast, the Commonwealth was willing to defer to the discretion of the trial court regarding Rader's sentence, in explicit consideration of a psychological profile performed while Rader was imprisoned.

CYS requested the profile to evaluate the appropriateness of placement goals for Rader's children. The profile indicated that Rader suffered from dependent personality disorder ("DPD"). A person with DPD suffers from a self-perception of incompetence in the absence of care and assistance of others, which leads to submissive behavior and a strong fear of separation from caregivers. The profile indicated that Rader was dependent primarily upon her mother. This is consistent with her mother's guilty plea,

wherein her mother agreed that she was the primary decision maker in the household.

At the close of the sentencing hearing, the trial court sentenced Rader to 66-180 months of imprisonment. Rader filed a motion to modify sentence, which the trial court denied. This timely appeal followed.

On appeal, Rader argues that the trial court imposed an excessive sentence that failed to address her rehabilitative needs. Rader acknowledges that this is a challenge to the discretionary aspects of her sentence. *See* Appellant's Brief, at 3. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted).

> Before this Court may reach the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [*see* Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code….[I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citation omitted; brackets in original).

Here, Rader preserved her claims by including them in her post-sentence motion. Moreover, Rader's brief contains the required Rule 2119(f)

statement. We must now determine whether Rader has presented a substantial question for our review.

A "substantial question" as to the inappropriateness of a sentence under the Sentencing Code exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (internal quotations and citations omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), ***affirmed***, 125 A.3d 394 (Pa. 2015) (citation omitted).

In her Rule 2119(f) statement, Rader asserts that the sentence imposed "wholly fails to consider her unique rehabilitative needs and that the sentence so deviated from the fundamental norms of the sentencing process to be manifestly unfair, excessive and unduly severe." Appellant's Brief, at 3. She proceeds to cite ***Commonwealth v. Flowers***, 950 A.2d 330, 311 (Pa. Super. 2008), and ***Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011), to support her argument that she has raised a substantial question. However, neither ***Kelly*** nor ***Flowers*** address the claim made by Rader; both cases deal with the trial court's failure to order a pre-

sentence investigation before imposing sentence. Here, the trial court had not only a pre-sentence investigation, but also a full psychological profile. **Kelly** and **Flowers** do not support a conclusion that Rader has raised a substantial question.

It therefore appears that Rader has raised a bald excessiveness claim. The Commonwealth argues that as such, she has *per se* failed to raise a substantial question. However the Supreme Court of Pennsylvania has explicitly rejected this bright-line approach and the previous case law that had supported it. **See Commonwealth v. Mouzon**, 812 A.2d 617, 624 (Pa. 2002) (finding that Superior Court erred in holding that the excessiveness of a sentence within statutory limits does not raise a substantial question).[1]

More recently, this Court has provided a further framework for evaluating whether excessiveness claims raise a substantial question. A panel of this Court has cautioned appellants that simple citations to broad

---

[1] **Mouzon** does not have an opinion that garnered the support of a majority of Justices. The lead opinion received the explicit support of three Justices, with two concurring in result only. As usual, it is impossible to decipher what portion of the lead opinion these concurrences did not endorse. However, the two dissenting Justices agreed with the lead opinion that mere excessiveness claims could raise substantial questions. **See Mouzon**, at 628 (Castille, J., dissenting) ("I also agree with the lead opinion that a claim that a sentence is excessive … is not categorically barred from appellate review under the Sentencing Code."); **Id**., at 630 (Eakin, J., dissenting) ("while my colleagues offer an analysis with which I cannot disagree, I believe there is a misapprehension of the Superior Court's decision"). The dissents conclude that the Superior Court did not err as we did not utilize a categorical ban, but rather we merely found the Rule 2119(f) statement filed by Mouzon to be insufficiently specific. **See id**.

authorities "may not be sufficient where the facts of the case do not warrant the conclusion that there is a plausible argument that the sentence is *prima facie* excessive based on the criminal conduct involved." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1271 (Pa. Super. 2013).[2] Another panel of this Court has held that an excessive sentence claim, in conjunction with a claim that the trial court failed to properly consider mitigating factors, raises a substantial question. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied* 105 A.3d 736 (Pa. 2014). Here, Rader has argued that the sentence was excessive, and that the trial court failed to adequately consider her rehabilitative needs. Pursuant to ***Raven***, she has raised a substantial question, and we proceed to address the substance of her argument.

Rader contends that the trial court erred in imposing a longer sentence based upon the psychological profile, which she argues was mitigating evidence. The trial court's review of the psychological report led it to conclude that it was not purely mitigating, but rather a "two-edged sword." N.T., Sentencing, 3/26/15, at 67. The report indicated that Rader's "use of denial as a primary coping mechanism makes it more difficult to benefit from

---

[2] Judge Wecht dissented from the majority's analysis of the substance of Dodge's challenge to the discretionary aspects of the sentence imposed, but agreed that Dodge had raised a substantial question. ***See id.***, at 1278. It is unclear whether Judge, now Justice, Wecht agreed with the above quoted passage.

rehabilitative efforts." *Id*., at 65. Furthermore, the trial court observed that the profile concluded that "there is an increased need to protect children from you because of this disorder, and that is just not talking about your own children. It is any children, as it says in the report." *Id*.,at 66.

After reviewing the psychological profile, we conclude that the trial court's description is accurate as to its contents. We therefore cannot find any fault with the trial court's reasoning that the profile contained both mitigating and aggravating factors. While Rader has been diagnosed as suffering a psychological disorder that mitigates, to some extent, her culpability for her actions in this case, it is also true that the nature of the disorder augurs for a long and difficult rehabilitation, and further, that until rehabilitated, children must be protected from her. Thus, the trial court's decision to impose a longer sentence due to this diagnosis is not unreasonable, and does not constitute an abuse of its discretion. Rader's sole issue on appeal therefore merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2016